The defendant's appeal from the judgment rendered on the first and second issues presents the question of his liability for alleged trespass on land situated west of the line A, B. There was evidence tending to show that the plaintiffs had title to this land; that the defendant did not claim it; and that W. J. Dunn, under a contract with the defendant, not knowing the exact location of the defendant's claim, cut timber on the western side of the line referred to. Where a servant is ordered to cut trees on his master's land and cuts some outside his master's boundaries, ordinarily an action may be maintained against the master for the trespass. 6 Labatt, sec. 2397. But here there was evidence from which the jury might reasonably infer that Dunn cut the timber in question under the defendant's authority, or, in any event, that the defendant received a part of the proceeds derived from the timber, and thereby ratified Dunn's trespass; and it is evident that the jury found as a fact, under his Honor's charge, that the defendant had either authorized or ratified Dunn's wrongful act. The motion for nonsuit and the requested instruction referred to in the seventh exception were therefore properly denied. The remaining exceptions relied on in the argument have relation to the motion and instruction which were declined by the court, and require no separate discussion. In the defendant's appeal there is
No error.